**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JS CHINA SOURCING INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EAGLE OUTFITTERS, INC.,<br><br>Defendants. | Civil Action No. 1:26-cv-08055 (LAP) |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

LORETTA A. PRESKA, District Judge,

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom) that a person has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate Discovery Material in one of two tiers of confidentiality protection:

a. "CONFIDENTIAL": Discovery Material that a Producing Party reasonably and in good faith believes consists of information that falls within one or more of the following categories:

i. information prohibited from disclosure by statute;

ii. information that reveals trade secrets;

iii. research, technical, commercial, or financial information that the Party has maintained as confidential;

iv. personal identity information;

v. tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

vi. personnel or employment records of a person who is not a Party to the case.

Information or documents that are available to the public may not be designated as Confidential Information.

b. “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY”: Discovery Material that a Producing Party reasonably and in good faith believes constitutes extremely sensitive CONFIDENTIAL Information, the disclosure of which to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion by: (a) stamping or otherwise clearly marking as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY,” as applicable, the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains information qualifying for the applicable designation under this Order.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as “CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY INFORMATION GOVERNED BY PROTECTIVE ORDER,” as applicable; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential

or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30) day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential—Attorneys' Eyes Only.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation or at a lower level of designation, the Producing Party may so designate or re-designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material at the applicable level of protection. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bear the appropriate designation within two (2) business days of providing such notice. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently so designated.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as "CONFIDENTIAL," other persons subject to this Order may disclose such information only to the following persons:

a. the Parties to this action and such of the directors, officers, agents, and employees of a Party to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation;

b. in-house counsel and their staff, and outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

f. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g. stenographers engaged to transcribe depositions the Parties conduct in this action;

h. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

i. this Court, including any appellate court, its support personnel, and court reporters.

8. Where a Producing Party has designated Discovery Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," such Discovery Material shall not be disclosed to the Parties, their officers, directors, or employees (other than in-house or outside counsel and their staff as set forth in subparagraph (a) below). Highly Confidential Discovery Material may be disclosed only to the following persons:

a. outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

b. in-house counsel with oversight or decision-making responsibility for this action, namely Beth Henke and Alex Walsh, including any paralegal, clerical, or other assistant working with or for such in-house counsel in connection with this matter;

c. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

e. stenographers engaged to transcribe depositions the Parties conduct in this action;

f. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

g. this Court, including any appellate court, its support personnel, and court reporters.

9. Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(e), 7(f), 7(h), 8(c), or 8(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this action.

11. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

12. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal

or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

13. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such material ("CONFIDENTIAL COURT SUBMISSION"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. Any Party seeking to file material under seal shall comply with the applicable rules and procedures of this Court, including by filing a motion to seal.

14. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention without disclosing the substance of the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Before going to the Court, the challenging Party must confer directly with counsel for the designating Party, explain the basis for its belief that the designation was improper, and give the designating Party an opportunity to review the designated material and reconsider. The designating Party must respond within five (5) business days. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court by way of a joint telephone call or letter motion. The Producing Party shall bear the

burden of demonstrating the necessity of the desired designation. Until the Court rules on the challenge, all Parties shall continue to treat the materials at the designated level of protection.

16. Any Party who requests additional limits on disclosure beyond those provided herein may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

17. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

19. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, home addresses, birthdates, passport and driver's license numbers, e-mail addresses, social media accounts, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

21. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

22. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture

of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

23. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

24. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

a. As with any information redacted or withheld, the receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

b. The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

25. Nothing herein shall be deemed as a waiver by any Party of its right to object to a Party's future discovery requests based on the Discovery Material exchanged under this Order, all such objections being expressly reserved.

26. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential

Discovery Material is produced or disclosed. Within sixty (60) days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the sixty (60) day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

27. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

28. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information or Highly Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

29. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

30. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: September 30, 2026

*/s/ Marc Greenwald*
Marc Greenwald
Jessica A. Rose
Elizabeth Bishop
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000

*Counsel for Plaintiff JS China Sourcing Inc.*

*/s/ R. Charles Henn Jr.*
R. Charles Henn Jr. (RH 1224)
Charles H. Hooker (pro hac vice)
Alexander Weathersby (pro hac vice)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: chenn@ktslaw.com
chooker@ktslaw.com
aweathersby@ktslaw.com

*Attorneys for Defendant American Eagle Outfitters, Inc.*

**SO ORDERED.**

Dated: October 2, 2026

Loretta A. Preska

**LORETTA A. PRESKA**
United States District Judge

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, ________________________________, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential — Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: ________________________________

Print Name: ________________________________

Signature: ________________________________